**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OLDSMAR FINE WINES, INC. d/b/a
LUEKENS BIG TOWN LIQUORS,

    Plaintiff,

v.                                                                            CASE NO:  8:16-CV-318-T-30TBM

ARCH SPECIALITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion for More Definite Statement (Dkt. 11) and Plaintiff's Response in Opposition (Dkt. 12).  The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

    This is a breach of an insurance policy case.  Plaintiff Oldsmar Fine Wines, Inc. d/b/a Luekens Big Town Liquors filed a one-count complaint for breach of contract based on Defendant Arch Specialty Insurance Company's breach of insurance policy number ESP0047252-00 (the "Arch policy").  Plaintiff alleges that its property located at 3163 Curlew Road, Oldsmar, Florida, was insured under the Arch policy during the relevant time

and suffered a "covered peril" as defined under the Arch policy.  Plaintiff notified Defendant of the insurance claim and Defendant breached the Arch policy through its refusal to admit coverage and failure to reimburse Plaintiff for the property loss.  The Arch Policy is attached to the complaint.

Defendant now moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  In the alternative, Defendant requests a more definite statement.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Under Federal Rule of Civil Procedure 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

and suffered a "covered peril" as defined under the Arch policy.  Plaintiff notified Defendant of the insurance claim and Defendant breached the Arch policy through its refusal to admit coverage and failure to reimburse Plaintiff for the property loss.  The Arch Policy is attached to the complaint.

Defendant now moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  In the alternative, Defendant requests a more definite statement.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Under Federal Rule of Civil Procedure 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## **DISCUSSION**

A breach of contract claim under Florida law requires three elements: (1) a valid contract; (2) a material breach of the contract; (3) and damages as a result of the breach. *See Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Plaintiff alleges facts in support of each element. Plaintiff identifies the contract, i.e., the Arch policy, attaches the Arch policy to the complaint, alleges that Plaintiff has paid all premiums owed under the Arch policy; alleges that the subject property suffered a "covered peril" as defined under the Arch policy; alleges that Defendant has materially breached the Arch policy by refusing to cover the loss; and alleges damages directly related to Defendant's refusal to cover the loss.

Defendant requests more facts in support of the claim. But the facts are sufficient to state a valid breach of contract claim at this stage. Accordingly, Defendant's motion to dismiss is denied.[1]

Defendant's alternative request for a more definite statement is also denied. This is a simple breach of contract case; any argument that the complaint is too vague to permit Defendant to adequately prepare an answer is without merit.

---

[1] Defendant's argument that it is entitled to "fair notice" of Plaintiff's claim is disingenuous in light of the fact that it was placed on notice of the specific peril, i.e., sinkhole collapse, prior to Plaintiff filing this action, and Defendant evaluated the claim through its retention of Universal Engineering Sciences to determine the cause of the property loss. Defendant sent Plaintiff a letter denying the claim after Universal Engineering Sciences concluded that there was no sinkhole activity at the subject property. Plaintiff then retained Florida Testing & Environmental, Inc. to examine the loss and it concluded that sinkhole activity was present at the subject property.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion for More Definite Statement (Dkt. 11) is denied.

2. Defendant shall file its answer within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 25, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2016\16-cv-318 mtd 11 deny.wpd*